IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| PAUL ALLEN FROST; <br> PHILLIP TRENT WALDROP; <br> JESSE LEE; and <br> RODNEY JAMES HAMILTON, <br>       Plaintiffs, <br> v. <br> BLOUNT COUNTY SHERIFF'S <br> DEPARTMENT, *et al.*, <br>       Defendants. | Case No. 2:09-cv-01930-SLB-RRA |

## **MEMORANDUM OPINION**

The plaintiffs are prisoners in the Blount County Jail in Oneonta, Alabama. They filed this action on the forms normally used by incarcerated persons for the purpose of asserting civil rights claims for damages or injunctive relief under 42 U.S.C. § 1983. However, as part of the relief requested in the complaint, the plaintiffs seek dismissal of pending criminal charges. To the extent the plaintiffs seek to challenge the fact or duration of their incarceration, they may do so in this court only by way of a petition for writ of *habeas corpus* and only after exhausting all available state remedies. Therefore, the plaintiffs are advised that such relief would not be appropriate in this action brought pursuant to § 1983, and to the extent the plaintiffs seek *habeas corpus* relief, their complaint is due to be DISMISSED. *Preiser v. Rodriguez*, 411 U.S. 475 (1973); *Watson v. Briscoe*, 554 F.2d 650 (5th Cir. 1977).[1]

---

[1] To the extent the plaintiffs wish to pursue *habeas* claims, each plaintiff must do so by filing his own separate *habeas* petition. *See Yancey v. Corbett*, 2007 WL 1149884 (E.D. Pa. Apr. 12, 2007).

Additionally, to the extent that the plaintiffs attempt to assert claims or seek relief that is available under 42 U.S.C. § 1983, their complaint is due to be dismissed without prejudice for failure to exhaust administrative remedies. Because the plaintiffs are prisoners, their claims are subject to the Prison Litigation Reform Act of 1995 ("PLRA"), which establishes new restrictions on the ability of prisoners to file civil rights actions in federal court. In particular, the plaintiffs' claims are subject to 42 U.S.C. § 1997e(a), which, as amended by the PLRA, provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted.

Our courts have made it clear that where administrative remedies are available to a prisoner, he must exhaust those remedies as a pre-condition to filing suit. 42 U.S.C. § 1997e(a); *Alexander v. Hawk*, 159 F.3d 1321 (11th Cir. 1998). Additionally, this court does not have the discretion to waive the exhaustion requirements. In *Alexander*, the Eleventh Circuit stated:

> "Congress now has mandated exhaustion in section 1997e(a) and there is no longer discretion to waive the exhaustion requirement. The Supreme Court has made clear that '[w]here Congress specifically mandates, exhaustion is required' ... Mandatory exhaustion is not satisfied by a judicial conclusion that the requirement need not apply."

*Alexander*, Id. at 1325-1326. (*Quoting, McCarthy v. Madigan*, 503 U.S. 140, 144, 112 S.Ct. 1081, 1086, 117 L.Ed.2d 291 (1992)).

The Supreme Court has recently held that failure to exhaust administrative remedies is an affirmative defense under the PLRA and inmates are not required to specifically plead exhaustion in their complaints.[2] However, in this instance, the plaintiffs admit on the face of the complaint that they failed to utilize the grievance procedure available to them at the Blount County Jail. Where,

---

[2] *Jones v. Bock*, 127 S.Ct. 910 (2007).

2

as here, the allegations on the face of the complaint show that an affirmative defense bars recovery, the complaint is subject to dismissal for failure to state a claim. *See Clark v. State of Georgia Pardons and Paroles Board*, 915 F.2d 636 (11th Cir. 1990) and *Marsh v. Butler County, Ala.*, 268 F.3d 1014 (11th Cir. 2001). Because the plaintiffs have failed to exhaust the administrative remedies available to them with regard to the claims asserted, the court is compelled to dismiss the complaint without prejudice.[3] A prisoner must exhaust all available administrative remedies regardless of their alleged futility, and this court has no authority to waive the mandatory exhaustion requirements of the PLRA. *Simpson v. Holder*, 200 Fed.Appx. 836 (11th Cir. Aug. 23, 2006); *Alexander*, supra. As such, this action is due to be DISMISSED without prejudice in order that the plaintiffs might exhaust the administrative remedies available to prisoners of the Blount County Jail.[4]

Accordingly, this action is due to be dismissed without prejudice. An appropriate order will be entered.

**DONE**, this 23rd day of November, 2009.

SHARON LOVELACE BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE

---

[3] The Supreme Court has stated unequivocally that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

[4] Because the claims asserted by prisoners are subject to the *in forma pauperis* provisions of 28 U.S.C. § 1915 and the screening requirements of 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c), each prisoner must file his claims in a separate individual lawsuit. Therefore, if the plaintiffs wish to pursue claims under 42 U.S.C. § 1983 after exhausting administrative remedies, each plaintiff must do so by filing his own separate complaint.